IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EDWARD HINES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-299 |
| § | |
| INGRAM BARGE COMPANY, § | |
| § | |
| Defendant. § | |

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

This Jones Act case arises out of personal injuries sustained by Edward Hines ("Plaintiff") while employed as a deckhand aboard Defendant Ingram Barge Company's ("Defendant") vessel, the M/V ROBERT H. BROWN. Now before the Court is Defendant's Motion to Transfer Venue to the Western District of Kentucky. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.[1]

**I. Background**

Plaintiff, a resident of Galveston, Texas, claims that he was injured on or about November 22, 2004. On that date, he was assigned as a deckhand on the M/V ROBERT H. BROWN, which was operating in waters near Paducah, Kentucky. Plaintiff was employed by Defendant from October 8, 2004 through February 14, 2005. During that time period, he was a resident of Doniphan, Missouri.

Defendant claims that it has no incident report, accident report, or any other documentation showing that Plaintiff sustained any injury or was involved in any accident on November 22, 2004,

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

or on any other date during his employment. Defendant is a Tennessee corporation, with its principal place of business in Nashville, Tennessee. It also maintains an office in Paducah, Kentucky. Defendant is in the barge towing business and operates on the inland and coastal waterways of the United States.

Defendant now moves this Court to transfer this case to the Western Division of Kentucky pursuant to 28 U.S.C. § 1404(a) on the ground that the Western District of Kentucky would be more convenient for both the Parties and witnesses, and that transfer to that forum would serve the interests of justice.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Blansett v. Continental Airlines*, 203 F. Supp. 2d 736, 738 (S.D. Tex. 2003); *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670,

672–73 (S.D. Tex. 2001); *Henderson v. AT & T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404(a) analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant claims that at present, it is unaware of any potential witnesses to Plaintiff's alleged injuries, but in all likelihood the other crew members of the ROBERT H. BROWN would be the key fact witnesses. Defendant has identified the following individuals as crew members of the ROBERT H. BROWN on November 22, 2004, the date of Plaintiff's alleged accident: Marlin W. Rushing, James M. Garland, Clarence L. Smith, William E. Suits, and Micheal D. Oxford. Defendant states that all of these men reside within approximately 60 miles of the United States District Court for the Western District of Kentucky's courthouse in Paducah, Kentucky, and would fall within that Court's subpoena power. On the other hand, all of these individuals live over 500 miles from Galveston,

3

Texas, presumably beyond the subpoena power of this Court. However, all of these men save one are still within Defendant's employ, and therefore, can be compelled to attend trial. *See Lajaunie v. L & M Bo-Truc Rental, Inc.,* 261 F. Supp.2d 751, 754 (S.D. Tex.2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Thus, the convenience of these witnesses is given relatively lesser weight. Defendant claims that in the inland towing industry, employee turnover is common, and that there is no way to predict whether any of these witnesses will still be within its employ at the time of trial. While that may be the case, the Court has recognized in the past that "[t]he very nature of seamen's employment frequently makes them unavailable for trial, requiring the parties to submit the seamen's testimony in the form of depositions." *Dupre*, 810 F. Supp. at 826. Additionally, this is a non-jury case, and in non-jury trials, it is becoming common practice to present testimony through depositions. Defendant is unlikely to be prejudiced or inconvenienced if some of the fact witnesses must be presented by deposition.

Defendant also points out that Plaintiff's medical records indicate that his initial medical treatment took place in either Doniphan, Missouri or Paducah, Kentucky. Again, physicians routinely appear at trial through depositions, which can be presented conveniently anywhere. However, their convenience does weigh legitimately in the Court's analysis, and there is no indication that they could be compelled to attend trial.

In Response, Plaintiff argues that his current treating physician and expert economists reside within this District. As retained experts, Plaintiff can compel both his physician and his economists

4

to attend trial, thus, their availability and convenience are given relatively lesser weight.[2]   Plaintiff has not identified any additional witnesses who would be inconvenienced by trial in Kentucky.

While these circumstances present a close case, the location of Plaintiff's initial treating physicians tip the scale in favor of transfer.

*B. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial.  *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997).  Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.*  The Court acknowledges that the alleged incident giving rise to this lawsuit took place near Paducah, Kentucky, and that the majority of the likely witnesses are from that area.  However, transferring this case to the location of the alleged accident will only succeed in shifting the burden of expense to Plaintiff, the party who can least afford it.  Defendant has failed to show that trial in Kentucky would be least costly for *all* involved.  Finally, neither side has provided the Court with specific information on the expenses and costs associated with trial in Galveston versus Kentucky. *See Barnett v. Kirby Inland Marine*, 202 F. Supp. 2d 664, 670 (S.D. Tex. 2002).  This factor does not weigh for or against transfer.

*C. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Neither side has given the Court any indication that these records are so voluminous that it would incur substantial cost in transporting them to this Court rather than the court in Paducah, Kentucky.

---

[2]Plaintiff also discusses at length the fact that Defendant does substantial business in this District and Division.  While this may be the case, that fact is more relevant to questions of jurisdiction, rather than venue.

*See LeBouef*, 20 F. Supp. 2d at 1060.  This factor does not weigh for or against transfer.

### D. Plaintiff's Choice of Forum

Plaintiff's decision to litigate this case in Galveston is entitled to great deference.  *See Barnett*, 202 F. Supp. 2d at 670.  Plaintiff is a resident of Galveston, Texas, and brought suit in this Division.  While Plaintiff may have been a resident of Missouri at the time of the alleged accident, he is now a resident of Galveston, and this case now has a significant connection to this Division.  This factor supports retention, and it is given substantial weight.

### E. Place of the Alleged Wrong

The place of the alleged wrong is one of the more important factors in venue determinations.  *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong in this case took place near Paducah, Kentucky.  Nevertheless, this case still has a connection to Galveston because Plaintiff is a resident of Galveston, and as such, the residents of this Division have an interest in the outcome of this litigation.  This factor weighs only slightly in favor of transfer.

### F. Potential for Delay and Prejudice

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay.  *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").  Defendant moved for transfer before the Rule 16 Status Conference was held.  Since the filing of Defendant's Motion, this case has been set for trial on April 23, 2007.  Plaintiff has failed to show that transfer at this early stage of the

proceedings would result in substantial delay or prejudice. This factor weighs neither for nor against transfer.

**IV. Conclusion**

Before concluding, the Court wishes to thank both Parties for the submission of their articulate and well-prepared briefs. Additionally, the Court considers it a privilege to work with the distinguished members of the Memphis bar, such as Defense Counsel. The Court has worked with members of the Memphis bar before, and has always been impressed with their advocacy. The Court looks forward to working with both of the Parties in this case.

After careful examination of the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Defendant has failed to met its burden in demonstrating that a more convenient forum for the resolution of this lawsuit exists. The facts present a close case, but the factors supporting transfer do not outweigh Plaintiff's choice of forum, which is entitled to substantial deference since he is a resident of this Division. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 9th day of August, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge